PETTIT et al. v. CLAWSON.

No. 3529.  Decided January 10, 1921.  (195 Pac. 199.)

1.  TRIAL—FINDINGS AS TO LACHES HELD APPLICABLE TO MERITS AS WELL AS MOTION TO DISMISS.  Where defendant's motion for dismissal of case on the ground of laches was submitted and considered by the court in connection with the merits of the case, the court's finding as to laches of the plaintiffs must be considered and treated as applying with equal force to the

matters alleged in the answers as to the merits as well as those raised by the motion for dismissal.

2. BILLS AND NOTES—BURDEN OF PROVING EXECUTION AND DELIVERY DENIED BY DEFENDANT IS ON PLAINTIFF. Where defendant, being sued on note, denied the execution and delivery thereof, it was incumbent on plaintiff to prove execution and delivery.

3. BILLS AND NOTES—EVIDENCE AS TO BALANCE DUE HELD INSUFFICIENT TO WARRANT RECOVERY ON NOTE. In action on note, where trial on the merits was held almost 12 years after the commencement of the action, where plaintiff was unable to produce the note or prove its loss, and where there was evidence where payments had been made from time to time, the evidence was insufficient to warrant recovery, since it was conjectural as to whether settlement had been made, indebtedness discharged, and note canceled, or whether there was a balance due thereon at the time of trial.

Appeal from District Court, Third District, Salt Lake County; *P. C. Evans,* Judge.

Action by Elizabeth D. Pettit and others against John Neels Clawson, as administrator of the estate of Spencer Clawson, deceased. Judgment of dismissal, and plaintiffs appeal.

AFFIRMED.

*Chris Mathison,* of Salt Lake City, for appellants.

*Young & Moyle,* of Salt Lake City, for respondent.

CORFMAN, C. J.

The plaintiffs, in the usual form, commenced this action in the district court of Salt Lake county, December 21, 1905, against Spencer Clawson, as defendant, for the purpose of procuring a judgment against him on a promissory note for $5,610, alleged to have been executed and delivered by him August 15, 1901, to Orson H. Pettit, payable two years after date with interest at 8 per cent. per annum. Summons was

duly issued in said cause, and, after personal service thereof upon the said Spencer Clawson, the same was returned and filed with the clerk of said court December 26, 1905. No appearance in said case was made on the part of the said Spencer Clawson, and, after his defaulting in that behalf, no default was ever entered against him. Thereafter, about February 3, 1912, said court caused a special trial calendar to be made of the cases commenced in said court in 1904 and 1905 for the purpose of disposing of said cases or setting the same for trial, and, after public notice given of the calling of said calender on February 3, said cause was called, and, no interested party appearing, the said action, among others, under the rule of said court, was dismissed "for want of prosecution." Thereafter, October 2, 1916, said Spencer Clawson died, and October 27, 1916, John Neels Clawson, the defendant herein, became the duly appointed and qualified administrator of his estate and has since acted in that capacity.

It appears that George Pettit died in 1902, and that in November, 1903, the plaintiffs, his heirs at law, by decree of court rendered in the due course of the administration of his estate, succeeded him in the ownership of the said alleged note. February 28, 1917, said John Neels Clawson, as said administrator, was, by order of court, duly substituted, upon application of the plaintiffs, as defendant in this action. It also appears from the complaint that the plaintiffs duly presented their claim, predicated on the alleged note, against the estate of the said Spencer Clawson, deceased, which claim was, on October 26, 1917, disallowed and rejected by the defendant herein.

The defendant moved the court for a dismissal of plaintiffs' action on the ground that plaintiffs "had not prosecuted the suit with due diligence or any diligence at all," and that plaintiffs have been "guilty of laches, neglect, and delay," and that on account thereof "defendant is unable to properly defend the action for lack of evidence." Without waiving said motion, defendant, in his answer to the complaint, among other things, denied specifically the execution and de-

livery of the note sued upon, and for an affirmative defense pleaded also want of diligence and laches on the part of the plaintiffs in their prosecution of their action.

Trial was had to the court without a jury. By agreement of counsel and consent of the court the defendant's motion to dismiss was submitted and considered by the court in connection with the merits of the case. The trial court found with respect to the proceedings had for the enforcement of the plaintiffs' demands on the defendant substantially as hereinbefore stated. The trial court further found:

"That the plaintiffs have failed to produce said promissory note described in plaintiff's complaint, and have failed to exercise any diligence to discover the whereabouts of said note and to produce the same in court in case it is in existence, and that the evidence was and is insufficient to prove the execution, delivery, or contents or existence of said note, and on account thereof the court finds that said note was never executed or delivered. The court further finds that plaintiffs have, as already alleged in defendant's said motion, been guilty of a lack of diligence in the prosecution of this action, and that on account of the loss of said note, and the death of said Spencer Clawson, and the long time elapsing since the filing of the complaint herein, without any action on the part of plaintiffs toward the prosecution of this suit, the defendant is unable to procure at this time evidence of the facts in issue in this case, and is unable to properly defend the action, and that, because of plaintiffs' said lack of diligence, neglect, and delay, plaintiffs are not entitled to further prosecute this suit at this time or to prosecute the same at all, and defendant is entitled to a dismissal of this action upon the merits."

It is of the foregoing findings and the entering of judgment of dismissal of plaintiffs' action that plaintiffs principally complain and seek reversal on this appeal.

Under the somewhat peculiar, not to say irregular, procedure under which the motion for dismissal of the action and the consideration of the case on its merits were submitted as one matter or question, and in view of the findings as made, we have no doubt but that the trial court intended its findings with respect to the laches of the plaintiffs to apply alike and with equal force to both motion and the plea made in the answer. In other words, the question of laches was, under the circumstances, submitted to the trial court,

not as independent questions separately raised by motion and answer, but as one, and the court's finding as to laches of the plaintiffs, therefore, must be considered and treated as applying with equal force as to the matters alleged in the answer as well as those raised by the motion for dismissal, notwithstanding the contention of plaintiffs' counsel at this time to the contrary.

With regard to the trial court's finding "that said note was never executed or delivered" by Spencer Clawson to O. H. Pettit, there is some evidence in the record which tends to show that Spencer Clawson, during his lifetime, in 1903, acknowledged an indebtedness of $5,800 to the estate of O. H. Pettit, deceased. There is also evidence tending to show that both before and after suit was brought on the alleged note Spencer Clawson, during his lifetime, made payments from time to time to mercantile agencies, presumably upon the note in question, the last payment having been made September 9, 1908. An agent of one of the mercantile agencies testified, as did also the former administrator of the estate of O. H. Pettit, that they had seen a note answering the description of the one described in plaintiffs' complaint, but no witness testified to the execution and delivery by Spencer Clawson of the note sued on in this action.

We have pointed out that the defendant in his answer denied the execution and delivery of the note, and therefore it was incumbent upon the plaintiffs to prove these facts at the trial, which, as we think, plaintiffs failed to establish by any substantial evidence. This is a case in which it appears that by reason of the "lack of diligence, neglect, and delay" on the part of the plaintiffs in prosecuting it before the court, not only was the defendant precluded under the circumstances from properly defending, but the plaintiffs themselves were rendered helpless and unable to establish by competent evidence the essential allegations of their complaint. There is absolutely no excuse offered in this record to the effect that the plaintiffs, after bringing their action in 1905, did not have ample opportunity to prosecute their claims and establish their rights, if any they had, against

Spencer Clawson, nor until after his death, nearly 12 years later, when the alleged note had been lost, forgotten, or paid, as the case may be.

Under the facts and circumstances attending this case we do not think the trial court could even approximately do justice between the parties, although it had been conceded that Spencer Clawson executed and delivered the note sued upon by plaintiffs. The inability of plaintiffs to produce the note, or prove its being lost, coupled with the facts established that payments had been made from time to time by Clawson to mercantile agencies, might just as well give rise to the conjecture that some settlement had been made, the indebtedness discharged and the note canceled in Clawson's hands, as that there is a balance due and owing to the plaintiffs. It was incumbent on the plaintiffs to establish their case before a recovery could be had. This, we think, they failed to do.

For the reasons apparent in the record and pointed out, we think the judgment of the district court dismissing the action on the merits must be sustained.

It is so ordered; respondent to recover costs.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.